UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 2:22-cr-00157-NT |
| JOHN WILSON | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

For all the reasons set forth below, the government respectfully submits that a seventy-eight (78) month sentence of imprisonment, followed by a three-year term of supervised release, is the appropriate sentence in this case. As more fully explained below, the defendant's arguments in favor of a probationary sentence ignore the very real threat that the defendant poses to children and the community. And the factors and the evidence that the defendant cites in support of that extraordinary request actually weigh in favor of a meaningful term of incarceration.

**OVERVIEW OF THE FACTS**

This case stemmed from the Department of Homeland Security's ongoing efforts to prevent the sexual exploitation of children, including potential exploitation online.

On March 29, 2022, Homeland Security Investigations (HSI) in Portland, Maine was contacted by the Cumberland County Sheriff's Office (CCSO) and provided information they had received concerning the online activities of a previously convicted sex offender by the name of John C. Wilson. *See* Fourth Amended Revised Presentence Investigation Report ("Amended PSR"), Dkt. 57, ¶ 6. According to the CCSO, the department had been contacted separately by the parents of two unrelated minors in Australia and Louisiana, aged approximately 9 and 8, respectively, regarding suspicious, inappropriate conversations an individual (later determined to be the defendant) had

1

had with the children over online platforms.[1] *Id.* In the conversations with the Australian minor in particular, the parent reported that Wilson had used Facebook Messenger and attempted to solicit naked and/or sexually explicit images from the minor. *Id.* ¶ 7. The defendant reportedly told the minor he loved young boys and offered to teach the child about sex. *Id.* The messages were associated with Facebook account 100075173092636, which was later determined to have been registered under the name, "Johnwilsongaming WILSON" which had been accessed almost exclusively from an Internet Protocol (IP) address at 760 Boundary Road in Steep Falls, Maine. *Id.*

Following the receipt of information from the CCSO, the HSI case agent requested a search of any information held by the National Center for Missing and Exploited Children (NCMEC) for Wilson's online identifiers, as provided in the reports to CCSO. Dkt. 57, ¶ 8. These identifiers consisted of Wilson's name, the Facebook account, an email address, two PlayStation Network accounts, a YouTube account, and IP address 98.13.73.229. *Id.*

On April 14, 2022, NCMEC responded to the HSI's request and reported that it had received a tip from Facebook around March 22, 2022, describing an incident in which Wilson's account had received child sexual abuse material (CSAM) images from an account with an IP address originating in the Philippines. Dkt. 57, ¶ 8. At the time of receipt, Wilson's account was using IP address 98.13.73.229. *Id.* NCMEC further reported that it had received a report in May 2021 concerning the platform, "chat-avenue.com." The reporting party in this instance claimed to be a 13-year-old child and stated that Wilson had sent him a one-minute video of himself masturbating during a

---

[1] The defendant contacted the minor in Louisiana through an online PlayStation network and the minor in Australia through Facebook.

conversation. *Id.* The reported minor provided screenshots of the conversation, including those featuring Wilson's face, email address, and the content of an email in which Wilson identifies himself as being a 33-year-old man. *Id.*

On June 25, 2022, CCSO deputies visited Wilson at his residence on Boundary Road and spoke with him about some of the reports of online solicitation that had been made to their office. Dkt. 57, ¶ 9. Immediately prior to the visit, Wilson had called 911 (routed to the Cumberland County Sheriff's Office dispatch service) to report that he had been talking to underage juveniles online (at the time he believed the people he was communicating with to be 11-year-old girls). *Id.* Wilson called 911 after communicating with undercover representatives from Women Against Predators (an undercover watch group) who had been posing as juveniles. *Id.*

During the conversation with the CCSO deputies on June 25, Wilson explained that he had been speaking with underage girls on the internet and acknowledged that he believed some were as young as 11 years old. Dkt. 57, ¶ 9. Wilson reportedly told deputies that he "needs help for his problem" and was afraid of going back to jail. *Id.*

On June 28, 2022, HSI agents conducted a consensual interview with the defendant at his Boundary Road address. Dkt. 57, ¶ 10. At the beginning of the interview, Wilson told investigators that he had graduated from high school, although he had also attended "some" special education classes. *Id.* When asked about his 911 call to the CCSO, Wilson admitted that he was sexually interested in children and needed help. *Id.*

Wilson further explained that he had last accessed CSAM within approximately the last two weeks, and that he had been invited into an online group in which CSAM was shared. Dkt. 57, ¶ 11. Wilson stated that while he masturbated to these images, he

3

neither downloaded nor saved them. *Id.* Wilson also admitted to speaking with minors online and occasionally asking them for explicit images of themselves (though he claimed that he could not recall an instance in which he was successful in this endeavor). *Id.* Finally, Wilson admitted to masturbating and recording himself doing so and stated that he had provided images and videos of this act to those he believed to be minors during his chats. *Id.*

At the conclusion of their interview, the HSI agents took the defendant's laptop. Dkt. 57, ¶ 12. After a forensic analysis was performed on the laptop, HIS found a video file depicting a prepubescent minor female who was nude from the waist down and exposing her genitalia. *Id.*

The defendant was eventually arrested and charged initially with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Notably, that charge carried a mandatory minimum term of imprisonment of ten years, because the defendant had a prior conviction for possession of child pornography. *See* Dkt. 4.

After engaging in discussions with defense counsel, the government ultimately agreed to instead charge the defendant with the attempted transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470.[2] The charge was based on the defendant's transmission of himself masturbating to someone he believed to be an underage girl. The defendant ultimately waived indictment and pled guilty to an Information containing that charge in December of 2022. Dkt. 57, ¶ 3.

---

[2] While the government exercised its discretion to charge Wilson with the lesser offense in this case, the availability of a much more serious charge highlights the seriousness of the defendant's offense conduct in this case.

4

While the defendant was on pretrial release pending sentencing, between mid-September 2023 and November 15, 2023, the defendant left numerous voicemail messages for a YouTuber identified as Owen Morgan, who operates a YouTube show called "Owen's Fireside Chat." Dkt. 57, ¶ 5A. In a video published by Morgan on November 11, 2023, several audio recordings are played on his video. *Id.*[3] In Exhibit 1, at one point the defendant, who appears to be referring to the instant federal case, states (in part) the following:

> "Hey this is John Wilson Gaming, Owen, I know that I do have history with the women against predators, on YouTube, I just wanted everyone to know I'm most likely not going to prison...and I'm not guilty of the crimes they're actually saying...I'm most likely not going to prison...and I'm not guilty of the crimes they're actually saying...I'm most likely going to get a reduced sentence. This is why I took a plea deal... [unintelligible]...*I'm not guilty.*" *Id.* (emphasis added).

Wilson later plays a voicemail left by the defendant wherein he states: "And President Biden needs to be assassinated...he needs to be overthrown." *See* Exhibit 1; Dkt. 57, ¶ 5A. On November 13, 2023, the defendant's pretrial supervision officer was contacted by an agent with the Secret Service regarding statements the defendant made to Morgan about President Biden. Dkt. 57, ¶ 5A.

The following day, the supervision officer conducted a home visit with the defendant, and he admitted to having left several voicemail messages for Morgan. Dkt. 57, ¶ 5A. Specifically, Wilson claimed that he started leaving Morgan voicemail messages because he did not like what Morgan had to say about Jehovah Witnesses. *Id.* On November 20, 2023, the supervision officer met with the defendant, his defense counsel and mother at the Federal Defender's Office in Portland, where he also admitted to his conduct. *Id.* On November 29, 2023, the Court approved the modification of the

---

[3] The government is separately submitting a copy of this video to the Court as Exhibit 1.

defendant's pretrial conditions to include the following: The Defendant shall not use any communication device to contact anyone without permission from the supervising officer. *Id.*

Wilson is now before the Court for sentencing.

## GOVERNMENT'S POSITION

The defendant faces a statutory maximum sentence of 10 years' imprisonment. Dkt. 57 ¶ 67. The Court may impose a supervised release term of up to three years. *Id.* ¶ 70. A fine of up to $250,000 may be imposed, and a $100 special assessment is mandatory. *Id.* ¶¶ 74, 75.

**I.      Wilson's Advisory Sentencing Guidelines Are Properly Calculated**

The amended PSR calculates Wilson's guidelines in the following way:

| Base offense level | 22 | § 2G2.2(a)(2) |
|---|---|---|
| Adjustment based on lack of intent to traffic | -2 | § 2G2.2(b)(1) |
| Prepubescent Minor | +2 | §2G2.2(b)(2) |
| Use of a computer | +2 | §2G2.2(b)(6) |
| 10+ images | +2 | § 2G2.2(7)(A) |
| **Total Offense Level** | **26** | |

Dkt. 57 ¶¶ 20–34. The government agrees that all of the guideline enhancements correctly apply. The government also agrees with Probation that the defendant should not receive any downward adjustment for acceptance of responsibility based on his explicit disavowal of responsibility in the voicemail messages he left for Owen Wilson (described above). *See id.* ¶ 18A.

6

If the Court were to apply all of the guideline enhancements set forth in the Amended PSR, Wilson's advisory guidelines sentencing range (GSR) would be 78 to 97 months. *Id.* ¶ 68. If the Court were to grant Wilson a three-level downward adjustment for acceptance of responsibility, Wilson's GSR would be 57-71 months. (There is no dispute that Wilson is in Criminal History Category III.)

## II. A Sentence at the Bottom of the GSR Is Appropriate

The government believes that a sentence of imprisonment for 78 months is appropriate and warranted in this case. As noted above, the defendant's conduct in this case was outrageous – he befriended two young boys over the internet and attempted to get them to send him sexually explicit photos of themselves, and then sent a video of himself masturbating to someone he believed to be an underage girl. Moreover, this behavior was far from out of the norm for this defendant. Indeed, for the entirety of his adult life, the defendant has demonstrated a profound and abiding sexual attraction to children. To call the defendant a sexual predator would be an understatement; Wilson is every parent's worst nightmare. For that reason alone, the government believes that a term of imprisonment is appropriate and necessary in this case.

The psychosexual evaluation by Dr. Elise Magnuson commissioned by defense counsel only reinforces how dangerous the defendant is. *See* Defense Exhibit 1. Dr. Magnuson's recitation of Wilson's long history of sexually inappropriate behavior and failed treatment interventions is frankly chilling and should give this Court pause before seriously entertaining the defense's request for a probationary sentence.

In short, the defendant is a sexual predator with little to no redeeming personal qualities, no ability to control his worst impulses (even when on pretrial release), and someone who poses a serious threat to the community.

## CONCLUSION

For the reasons stated above, the government respectfully submits that its sentencing recommendation of 78 months' imprisonment is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing set forth in 18 U.S.C. § 3553(a). It reflects the seriousness of the offense, takes into account the defendant's personal history and characteristics, promotes respect for the law, deters this defendant and others from engaging in similar misconduct, protects the community, and provides just punishment.

Date:  April 19, 2024                                Respectfully Submitted,

DARCIE N. MCELWEE
United States Attorney

*/s/ Sheila W. Sawyer*

SHEILA W. SAWYER
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street
Portland, Maine 04101
(207) 780-3257
Sheila.Sawyer@usdoj.gov

**PLACEHOLDER FOR EXHIBIT 1**

**YOUTUBE**



https://www.youtube.com/watch?v=uvvVMmbbZnU

Disc delivered to the Clerk's Office on
April 19, 2024

## CERTIFICATE OF SERVICE

      I hereby certify that on April 19, 2023, I electronically filed the foregoing **GOVERNMENT'S SENTENCING MEMORANDUM** using the CM/ECF system which will send notifications of such filing(s) to all counsel of record.

      DARCIE N. MCELWEE
      United States Attorney

      */s/ Grace C. Herrick*
      GRACE C. HERRICK
      Paralegal Specialist

On behalf of:  Sheila Sawyer
      Assistant United States Attorney
      U.S. Attorney's Office
      100 Middle Street Plaza, East Tower
      Portland, ME   04101
      (207) 780-3257
      Sheila.Sawyer@usdoj.gov